[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2010
JOHN LEY
CLERK

_____

No. 10-10218
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00360-JDW-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO JUAREZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2010)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Appellant Alejandro Juarez-Gonzalez pled guilty unconditionally to all

counts of a four-count indictment, which charged him as follows: Count One,

conspiracy to transport fourteen illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(1) and (a)(1)(B)(i); Count Two, transportation of eight illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i); Count Three, transportation of six illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i); Count Four, illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a).  The district court sentenced appellant to concurrent prison terms of 36 months on Counts One through Three and 24 months on Count Four.  He now appeals his sentences on Counts One through Three.

For those three counts, the Sentencing Guidelines prescribed a period of incarceration of 18 to 24 months for a defendant, like appellant, with a criminal history category of III. The court varied upward from this sentencing range based on the need of the combined sentences to reflect the need of the sentence to satisfy the statutory sentencing goals of promoting respect for the law, deterring others from committing the same offenses, and protecting the public from appellant's future criminal activity.  See 18 U.S.C. § 3553(a)(2)(A), (B), and (C).  In the court's view, the 18 to 24 month terms of incarceration the Guidelines provided were insufficient to satisfy these sentencing goals.

Appellant contends that his sentences on Counts One, Two, and Three are

substantively unreasonable.[1]  In reviewing a sentence for reasonableness, we apply the abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  Whether a sentence is reasonable is guided by the factors set forth by Congress in 18 U.S.C. § 3553(a)*.  United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008).  A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the purposes of § 3553(a). *Pugh*, 515 F.3d at 1191.

The § 3553(a) factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the

---

[1] Appellant also argues that the prison term the district court imposed is much higher than the terms the district judges in the Fifth and Ninth Circuits would have imposed.  He did not present this argument to the district court.  We therefore do not consider it.  *United States v. Gilbert*, 198 F.3d 1293, 1305 (11th Cir. 1999).

3

need to provide restitution to victims." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

In this case, the district court adequately considered the sentencing goals of § 3553(a) and concluded that a 36 months' periods of incarceration were not greater than necessary to achieve those goals. Appellant's sentences are accordingly

AFFIRMED.